Hillsborough, } No. 3250.
June 3, 1941. }

JOSEPH BRACCO, *alias* JOSEPH BRUNO *v.* GEORGE A. WOOSTER.

*John J. Sheehan* and *John S. Hurley*, for the plaintiff.

*Frank R. Kenison*, Attorney-General, for the defendant.

MARBLE, J.   It is the duty of the Governor "to have arrested and deliver up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state." Laws 1937, c. 70, s. 1.   The word "crime" as used in extradition statutes embraces every offense known to the law of the demanding state, including misdemeanors.   *Ex parte Reggel*, 114 U. S. 642, 650.

The grounds of the plaintiff's motions are entirely without merit. The requisition is accompanied by a duly authenticated indictment which substantially charges the commission of an offense against the laws of Pennsylvania.   See *State* v. *Clough*, 71 N. H. 594, 605. The offense charged is a violation of the penal code of Pennsylvania relating to the establishment of a gambling place.   See Laws, Pa., 1939, *p.* 916.   There is an averment that the offense was committed in the jurisdiction of the Court of Quarter Sessions for the County of Delaware.   An assistant district attorney for that county testified, subject to exception, that "it is sufficient to charge in the indictment that the offense was committed in the county or in the jurisdiction of the court, the only exception being where the crime could be committed only in a particular municipality or part of the county."

This appears to be a correct statement of the law.   *Commonwealth* v. *Williams*, 149 Pa. St. 54, 57; *Seifried* v. *Commonwealth*, 101 Pa. St. 200, 201.   It is unnecessary to determine its correctness, however, since in a proceeding of this nature the technical sufficiency of the indictment is not open to investigation.   *Drew* v. *Thaw*, 235 U. S. 432, 439; *Pierce* v. *Creecy*, 210 U. S. 387, 402; *State* v. *Clough*, 71 N. H. 594, 604, 605.   It follows that the plaintiff could not  have been prejudiced by any testimony relating to the law of Pennsylvania or to the uniform practice governing indictments in that state.

On the issue of the plaintiff's identity the officer who had charge of the raid on the gambling house in Pennsylvania testified that he arrested the plaintiff in that raid and that the plaintiff then stated that his name was Joseph Bracco.   The officer further testified that

in the course of his subsequent investigation he learned that the plaintiff's real name was Joseph Bruno. He identified the plaintiff, who was present at the trial, as the person he arrested on the raid in question. This evidence was entirely adequate to sustain the finding that the plaintiff was the person named in the indictment. 22 Am. Jur. 287, 288; Annotation, 84 A. L. R. 337, 341.

The evidence that the plaintiff left Pennsylvania after the commission of the alleged offense and was found in this State supports the necessary finding that he is a fugitive from justice. *State* v. *Clough,* 71 N. H. 594, 600.

The motion to set aside the court's order as against the law and the evidence presents no question not already considered.

*Exceptions overruled.*

All concurred.