MELVIN HINZ *v.* RAYMOND K. PERKINS, *Solicitor & a.*

*James C. Cleveland* (by brief and orally), for the plaintiff.

*Gordon M. Tiffany,* Attorney General, *Warren E. Waters,* Assistant Attorney General and *Raymond K. Perkins,* County Solicitor (*Mr. Waters,* orally), for the defendants.

KENISON, J.   The office of *habeas corpus* in interstate rendition is generally confined to: "(1) the correctness of the requisition papers, (2) the relator's identity, (3) whether the relator is a fugitive, (4) whether 'a crime is substantially charged.'"   Note, Habeas Corpus in Interstate Rendition, 47 Col. L. Rev. 470, 471.   This petition raises no question as to the validity of the requisition papers or the plaintiff's identity.   Since the "requisition is accompanied by a duly authenticated indictment which substantially charges the commission of an offense against the laws of . . . " the Commonwealth of Massachusetts (*Bracco* v. *Wooster,* 91 N. H. 413, 414; G. L. Mass. (*Ter. ed.*) c. 273, s. 1; *Commonwealth* v. *Booth,* 266 Mass. 80), the principal question is whether the plaintiff is a fugitive from justice.

Except for minor changes in form both New Hampshire and Massachusetts have adopted the Uniform Criminal Extradition Act (9 Uniform Laws Anno. 169 (1951), although the latter jurisdiction refers to it as the Uniform Criminal Interstate Rendition Law. R. L., c. 437, G. L. Mass. (*Ter. ed.*) c. 276, ss 11, 20R.   Under section

3 of the Uniform Act in order that one be classed as a fugitive it must appear that he "was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state. . . ." R. L., c. 437, s. 3; *Fortier* v. *Frink*, 92 N. H. 50. "The evidence that the relator departed from Massachusetts after the commission of the alleged crimes, and was found in this state, supports the necessary finding that she is a fugitive." *State* v. *Clough*, 71 N. H. 594, 600. See *Bracco* v. *Wooster*, 91 N. H. 413, 415. The fact that the plaintiff was in the demanding state only temporarily and for an innocent purpose does not make him any the less a fugitive under the Uniform Act. *People ex rel Gottschalk* v. *Brown*, 237 N. Y. 483. Cases like *Petition by King*, 139 Me. 203 and *People ex rel Higley* v. *Millspaw*, 281 N. Y. 441, where the accused was not in the demanding state at the time of the alleged crime, are not controlling on the facts of this case. Anno. 91 A. L. R. 1262. While section 6 of the Uniform Act permits the rendition of persons not present in the demanding state at the time of the commission of the crime, no attempt was made by the states to invoke its provisions.

Since the use of interstate rendition to compel family support has been characterized as clumsy and punitive (37 Am. B. A. J. 93, 94 (1951)), the plaintiff argues that its use in this case violates a statute similar to the Support of Dependents Act. Laws 1949, c. 153. However section 9 of that act specifically provides that the "remedies afforded by this act shall be cumulative" and thus by its terms does not preclude the method employed in the present case.

After arguments in this court plaintiff filed a motion to correct the record "to show that petitioner does not admit having been in the Commonwealth of Massachusetts on or about June 15, 1949." It is alleged that the plaintiff went to Massachusetts "to have his wife sign a deed," and that upon an examination of the registry of deeds in this county the error of the admission was then discussed and therefore it "must have been during December, 1948." If the motion is denied here, it is requested that the case be remanded to the Superior Court for a hearing "on the newly discovered evidence." Neither remand nor granting of the motion is in order since this is not newly discovered evidence which warrants a new trial. *Perley* v. *Roberts*, 91 N. H. 254.

*Exception overruled.*

All concurred.