Cheshire,
No. 4960.

PAUL M. LOULAKIS v. FRANK W. WALKER, *Sheriff & a.*

Argued December 5, 1961.
Decided December 27, 1961.

*Cristiano & Kromphold (Mr. Cristiano* orally), for the plaintiff.

*Maurice J. Murphy, Jr.,* Attorney General and *William J. O'Neil* Assistant Attorney General *(Mr. O'Neil* orally), for the defendants.

DUNCAN, J. Section 3 of the Uniform Criminal Extradition Law (RSA ch. 612) provides in material part as follows: "612:3 FORM OF DEMAND. No demand for the extradition of a person charged with crime in another state shall be recognized by the governor

unless in writing alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon . . . The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment or conviction, or sentence must be authenticated by the executive authority making the demand."

The position taken by the plaintiff in this court, is stated in his brief as follows: "It is the petitioner's contention that since the requisition was not accompanied by a good and sufficient copy of an affidavit made before a magistrate in the State of Michigan, duly authenticated by the executive authority making the demand, the issuance of an extradition warrant by the Governor of the State of New Hampshire was illegal, and your petitioner should be discharged from custody."

Other questions relating to certain affidavits accompanying the demand of the Governor of Michigan which are incidentally raised by the plaintiff require no discussion here, as the defendants do not rely upon these affidavits to satisfy statutory requirements.

In support of his main position, the plaintiff has cited authorities dealing with the sufficiency of the warrant of the Governor of the state of rendition to show that the demand of the requisitioning state was accompanied by an authenticated copy of an indictment or affidavit before a magistrate. Annot. 89 A.L. R. 595, 601-602; 22 Am. Jur. 288, Extradition, s. 51.

As previously stated, the warrant of the Governor of this state recites the receipt of the complaint and warrant charging the plaintiff with the commission of a crime in Michigan, and the issue argued before us is whether the authenticated copy of the complaint and warrant answers the statutory requirements of "a copy of an affidavit made before a magistrate there, [i.e. in Michigan] together with a copy of any warrant which was issued thereupon." RSA 612:3 *supra*. It is clear to us that it does.

The complaint, on oath and in writing, was taken and made by the complainant Thomas Mitchell before Maurice E. Finnegan, a municipal judge of the city of Pontiac. The copy indicates that

the complaint was signed and sworn to by Mitchell before the judge, and the copy is certified by the judge under date of February 3, 1961, under oath, before a notary public. The warrant was issued by the same judge upon December 21, 1960 and a copy thereof was similarly certified by him. These copies were duly authenticated by the Governor of Michigan, and accompanied the demand upon the Governor of this state, as did a copy of the application of the prosecuting attorney in Michigan stating that the accused was in Michigan at the time of the offense charged, but thereafter fled. See *Thomas* v. *O'Brien*, 98 N. H. 111; *Fortier* v. *Frink*, 92 N. H. 50. Like copies accompanied the warrant of the Governor of this state.

The precise issue raised by the plaintiff was decided in *Murphy, Petitioner*, 321 Mass. 206, 214, where it was said "the contention of the petitioner that a complaint cannot be an affidavit is unsound. [Citing authorities]. As the complaint was 'an affidavit made before a magistrate' in accordance with U. S. Rev. Sts. *s*. 5278 (U. S. C. [1940 ed] Title 18, *s*. 662), and G. L. (Ter. Ed.) c. 276, *s*. 14, as appearing in St. 1937, c. 304, *s*. 1, the papers were regular upon their face without regard to the affidavit of the county attorney."

In *Ex parte Rubens*, 73 Ariz. 101, 107, *cert. den.*, 344 U. S. 840, it was said: "A verified complaint made before a magistrate is the same as an affidavit." In the recent case of *In re Martz*, (Idaho) 357 P. 2d 940, 943, numerous decisions were cited for the proposition that the "great weight of authority supports [the] conclusion" that "a criminal complaint sworn to before a magistrate is in fact an affidavit within the meaning of the federal statute authorizing extradition upon the production of 'an affidavit made before a magistrate.'" See 18 U. S. C. A., *s*. 3182 and note 72 thereto; 11 Cyc. of Fed. Procedure (3d *ed.*) *s*. 40.209 *et seq*.

We are satisfied that in this case the demand of the Governor of Michigan as well as the warrant of the Governor of New Hampshire were valid, and sufficiently met the requirements of RSA 612:3 and 7. *Murphy, Petitioner, supra,* and cases cited.

*Exceptions overruled.*

All concurred.