Merrimack
No. 7605

ROBERT E. SMITH

v.

RAYMOND A. HELGEMOE, WARDEN,
NEW HAMPSHIRE STATE PRISON

January 31, 1977

92

*Robert A. Stein,* public defender, by brief and orally, for the plaintiff.

*David H. Souter,* attorney general, and *Robert V. Johnson, II,* assistant attorney general (*Mr. Johnson* orally), for the defendant.

GRIMES, J.   In this petition for habeas corpus, plaintiff seeks to avoid extradition mainly on the basis that fourth amendment requirements of probable cause have not been met and that the evidence is not sufficient to support a finding that the plaintiff is the person named in the extradition papers. We uphold the trial court's dismissal of the petition, and its order for extradition.

Plaintiff is, and was on August 5, 1976, an inmate of the New Hampshire State Prison where he is being held in lieu of bail on certain criminal charges alleged to have occurred in this state. On that date, fugitive warrants were lodged at the prison against the plaintiff in connection with extradition proceedings arising out of the murder in Massachusetts of three persons on the evening of December 31, 1975. On August 26, 1976, plaintiff appeared before the Concord District Court (*Marx,* J.) and was informed of his rights under RSA 612:10 and counsel was appointed for him.

On September 10, 1976, this petition was filed in the superior court and after hearing, *Flynn*, J., denied motions to compel the attendance of a witness who was a prisoner in another state and to take depositions.

On September 27, 1976, a hearing was held on the merits of the petition during which the court had before it only the extradition documents. The plaintiff presented no testimony or evidence. The court, on the basis of the documents and treating the statements in the requisition documents to be prima facie true, found probable cause for believing plaintiff to be guilty of the crimes of murder in Massachusetts, denied habeas corpus and granted extradition. Plaintiff's exceptions were transferred by *Flynn*, J. A similar order was made in the case of a codefendant of plaintiff who did not appeal.

The extradition documents which were presented to the trial court, all of which are included within the requisition request signed by the Governor of Massachusetts and which are certified by the Governor "to be authentic and duly authenticated in accordance with the laws of the Commonwealth. . . .," are as follows:

(a) Three Lowell District Court complaints.

(b) Three arrest warrants based upon the complaints.

(c) Affidavit by the Secretary of State, Massachusetts, certifying the Lowell District Court, Justice Cowdrey and the Clerk of said court, as well as their signatures.

(d) Affidavit by the Secretary of State, Massachusetts, certifying the Superior Court of Massachusetts, Justice Cowdrey and the Clerk of the said court, as well as their signatures.

(e) Certification of records by the said Clerk, certification by Justice Cowdrey as to the said Clerk, and certification by the said Clerk as to Justice Cowdrey.

(f) Affidavit by Detective Lieutenant William C. Nally, dated July 15, 1976, including a jurat by Joseph D. Neylon, a Justice of the Peace.

(g) Request for issuance of requisition to Governor Dukakis, dated July 15, 1976, by John J. Droney, Esquire, District Attorney for the Northern District Middlesex County, Massachusetts.

(h) Requisition request by Governor Dukakis, dated July 16, 1976, to Governor Thomson.

■ We hold that the Governor's authentication covers all the documents included in the papers including the affidavit of Lieutenant Nally and that they meet the requirements of RSA 612: 3.

Plaintiff argues that fourth amendment requirements have not been met because the documents do not show the evidence upon which an independent finding of probable cause may be made in this state and that the trial court did not make, and the documents would not permit, a determination that the evidence before the Massachusetts magistrates who issued the arrest warrant was sufficient to support a finding of probable cause.

■ In *Gerstein v. Pugh*, 420 U.S. 103 (1975), a case involving a warrantless arrest, it was held that the fourth amendment to the Constitution of the United States required that before there could be any "significant pretrial restraint of liberty" there must be a judicial determination of probable cause. *Ierardi v. Gunter*, 528 F.2d 929 (1st Cir. 1976), held that because extradition imposed a significant restraint on liberty the principle of *Gerstein* was applicable and that a judicial finding of probable cause must precede extradition.

■ However, *Ierardi* held that this determination of probable cause could be made either by the demanding state or the asylum state and it was stated that the asylum state could rely upon the "regularity of the demanding state's procedures" and that the asylum state would be "entitled to rely on the official representations of its sister state that the requisite determination has been made" and that it "may credit an arrest warrant shown to have been issued upon a finding of probable cause . . . just as it would credit a[n] . . . indictment." *Id.* at 931; *see Bracco v. Wooster*, 91 N.H. 413, 20 A.2d 640 (1941); *Fortier v. Frink*, 92 N.H. 50, 24 A.2d 604 (1942).

■ Mass. Gen. Laws Ann. ch. 276, § 22 provides that when a complaint is made to a justice of a district court "he shall examine on oath the complainant and any witnesses produced by him . . . and if it appears that a crime has been committed shall . . . issue a warrant. . . ." We may assume under *Ierardi* that these procedures were complied with and that the warrants were issued on a finding of probable cause. *Commonwealth v. Baldassini*, 357 Mass. 670, 260 N.E.2d 150 (1970). There is no requirement that this state "review the adequacy of the . . . determination." The extradition docu-

ments do not need, therefore, to show the evidence upon which the warrants were based.

██ ██ Although we find the determination of probable cause by Massachusetts to have met the fourth amendment requirements as viewed by *Ierardi,* extradition is also supported by a finding of probable cause in the asylum state. The affidavit of Detective Nally furnished a sufficient basis for that finding. It is not disputed that the information furnished by the named informer, Wilson, would support such a finding. The only objection raised is that there is not sufficient evidence from which a finding of credibility and reliability could be made. *See Spinelli v. United States,* 393 U.S. 410 (1969). However, the very nature of the information given shows that Wilson spoke from personal observation thus establishing reliability. Credibility was findable because the informer named was a brother of plaintiff's codefendant and was obviously a friend of plaintiff's and the information was very much against his penal interest. *See United States v. Harris,* 403 U.S. 573 (1971). We hold therefore that all the requirements of the fourth amendment as stated in *Ierardi* have been complied with.

██ Plaintiff's contention that extradition on the basis of a sworn complaint is not authorized by RSA 612:3 has already been decided against him in *Loulakis v. Walker,* 103 N.H. 526, 176 A.2d 314 (1961).

██ Plaintiff further argues that defendant has not met the burden of proving that he is the person named in the extradition papers and that he was present in the demanding state at the time of the alleged crime and thereafter fled. Wherever the burden of proof may be, *see United States v. Flood,* 374 F.2d 554 (2d Cir. 1967); *Raftery v. Bligh,* 55 F.2d 189 (1st Cir. 1932); *Bracco v. Wooster supra; Annot.,* 93 A.L.R.2d 912, 922 (1964), we hold that the evidence in this case was sufficient to sustain the finding that the plaintiff was the person named in the extradition papers and that he was in Massachusetts at the time of the alleged offense. Plaintiff is described in the papers by name, residence, place of incarceration, date of birth, sex, race, height and weight. The Nally affidavit clearly places plaintiff in Massachusetts at the time of the commission of the crime and the fact that he is now in this state supports the finding that he is a fugitive from justice. *Bracco v. Wooster supra; Thomas v. O'Brien,* 98 N.H. 111, 95 A.2d 120 (1953).

■ We also reject plaintiff's claim that he was denied the effective assistance of counsel by the refusal of the trial .court to summon a prisoner from out of state to be a witness and by the denial of his motion for depositions. The fact that in *Debski v. State*, 115 N.H. 673, 348 A.2d 343 (1975), three state witnesses came from out of state does not make the denial of plaintiff's request in this case improper. This is not a criminal action or grand jury investigation so as to come within the provisions of RSA 613-A:6 and the denial of depositions was within the discretion of the trial court which was not abused given the nature of the proceedings.

*Exceptions overruled.*

DOUGLAS, J., did not sit; the others concurred.