Merrimack
No. 7982

ROBERT HUGH CLEMENT

v.

EDWARD COX, JAILER

April 7, 1978

*Dennis Pizzimenti*, of Concord, by brief for the plaintiff.

*David H. Souter*, attorney general, and *Edward A. Haffer*, assistant attorney general, by brief, for the State.

LAMPRON, J.    This is a petition for a writ of habeas corpus contesting the extradition of the plaintiff to the State of New York. The plaintiff is presently on probation for five years due to his guilty plea to third-degree assault and third-degree burglary in Suffolk County Supreme Court, New York. An arrest warrant was issued by that same court in February 1977, charging the plaintiff with violating the conditions of his probation. In March 1977, the Merrimack County Sheriff's Department arrested the plaintiff on a charge of being a fugitive from justice. The plaintiff was subsequently released on bail. On June 3, 1977, the Governor of the State of New York made a formal request to the Governor of the State of New Hampshire to arrest the plaintiff and deliver him to agents of the State of New York. The plaintiff was subsequently arrested under a warrant of arrest issued by the Governor of the State of New Hampshire.

The plaintiff filed a petition for a writ of habeas corpus in the superior court contending, *inter alia*, that the papers and documents contained within the requisition from New York fail to comply with the probable cause requirements of the fourth and fourteenth amendments to the United States Constitution. The Superior Court (*Cann*, J.) denied the petition, and reserved and transferred all questions of law. For the reasons hereinafter indicated, we reverse and remand.

The plaintiff contends that because the extradition papers do not contain an indictment charging him with an offense, he cannot be extradited unless there is a judicial determination of probable cause. This is an accurate statement of the holding of *Ierardi v. Gunter*, 528 F.2d 929 (1st Cir. 1976). The *Ierardi* court held that because extradition is a significant restraint of a person's liberty, *see Gerstein v. Pugh*, 420 U.S. 103 (1975), a judicial finding of probable cause that the detained individual committed a crime in the demanding State is required by the fourth and fourteenth amendments. The judicial determination that probable cause exists can be made either by the demanding State or the asylum State.

The State argues that New Hampshire can place reliance on New York's established procedures, and assume that probable cause

exists. The State's argument is as follows: (1) N.Y. Crim. Proc. Law § 410.40(2) (McKinney) provides that if "[a]t any time during the period of a sentence of probation . . . the court has reasonable grounds to believe that the defendant has violated a condition of the sentence, the court may issue a warrant . . ." (2) The New York Court has issued a warrant. (3) Therefore, the New York Court must have found probable cause. This is similar to the reasoning we used in *Smith v. Helgemoe*, 117 N.H. 91, 369 A.2d 218 (1977). The United States District Court for the District of New Hampshire, however, did not agree with our logic. In *Smith v. Helgemoe*, No. 77-59 (D.N.H. 1977), the District Court read *Ierardi v. Gunter* to require a specific showing in the extradition papers that a judicial officer in the demanding State actually found probable cause. In the present case unlike *Smith v. Helgemoe*, 117 N.H. 91, 369 A.2d 218 (1977), the rendition papers show the affidavit which was before the magistrate in New York would not support a finding of probable cause.

The probable cause which is necessary to allow extradition is the same as needed for an arrest. *Smith v. Helgemoe*, No. 77-59 (D.N.H. 1977) *quoting Gerstein v. Pugh*, 420 U.S. 103 (1975). The only document in the papers which could give a judicial officer sufficient facts to find probable cause is an affidavit by Patrick Donaher. In this affidavit, Donaher states that: (1) he is a probation officer of Suffolk County, N.Y., (2) the plaintiff had been charged with, and pleaded guilty to, various crimes and is presently serving a five-year probationary period, (3) the plaintiff has violated the terms of his probation because he has failed to report to a probation officer and has not reported for psychiatric evaluation and treatment. The affidavit, however, does not contain any "allegation that the affiant spoke with personal knowledge of the matters therein . . . and it does not indicate any sources for the complainant's belief. . . ." *Giordenello v. United States*, 357 U.S. 480, 486 (1968); *see Spinelli v. United States*, 393 U.S. 410 (1969); *Aguilar v. Texas*, 378 U.S. 108 (1964); *State v. Mandravelis*, 114 N.H. 634, 637, 325 A.2d 794, 796 (1974).

The rendition papers in this case would not support a finding that a proper judicial determination of probable cause was obtained in New York, and the hearing below produced no evidence except the rendition papers. We hold, therefore, that the superior court erred in finding probable cause on the evidence before it and in denying plaintiff's petition.

*Exceptions sustained; remanded.*

All concurred.