Rockingham
No. 78-152

RONALD H. GULLICK

v.

GEORGE SAMPSON, SHERIFF AND JAILER,
ROCKINGHAM COUNTY, & a.

November 30, 1978

*Glenn G. Geiger, Jr.,* of Penacook, by brief and orally, for the plaintiff.

*Thomas D. Rath,* attorney general (*Richard B. McNamara,* assistant attorney general, orally), for the defendants.

DOUGLAS, J.    This is an appeal from the denial of petitions for writs of habeas corpus contesting the extradition of the plaintiff,

Ronald H. Gullick, to the Commonwealth of Massachusetts. On September 6, 1977, the plaintiff was driving into New Hampshire and was followed by a Massachusetts State trooper who arrested him. The Massachusetts trooper asserts that he initially followed the plaintiff across the border to question him about two rapes which had occurred earlier that evening. According to the trooper's testimony, he did not think that he had probable cause to arrest the plaintiff until he looked into the plaintiff's vehicle and saw several items in the back seat. The trooper radioed for assistance from the New Hampshire and Massachusetts police. The plaintiff was taken into custody by the New Hampshire police and brought before the Hampton District Court that morning. He was held in Rockingham County pursuant to RSA 612:15, and was formally arrested under a warrant issued by the Governor of the State of New Hampshire on November 2, 1977. An affidavit stating that there had been a judicial determination of probable cause in Massachusetts was attached to the warrant. The plaintiff filed a petition for a writ of habeas corpus in Rockingham County Superior Court which was amended and denied on November 14, 1977. A second petition for a writ of habeas corpus was filed on November 29, 1977; this petition was denied on December 5, 1977. The plaintiff's exceptions were reserved and transferred by *Mullavey*, J. We affirm the dismissal of the petitions.

The United States Constitution provides for rendition of prisoners between the States so that no State may become a haven for fleeing criminals. U.S. CONST. art. 4, § 2. Extradition is designed to provide a summary process to aid in the prompt administration of justice. *Biddinger v. Commissioner of Police*, 245 U.S. 128, 132 (1917). The New Hampshire Legislature has adopted the Uniform Extradition Act to provide a smooth and orderly process for extradition. RSA ch. 612. The Act establishes a statutory scheme by which the Governor of the demanding State may request the Governor of the asylum State to have a fugitive from justice arrested and returned to the demanding State. RSA 612:7. Extradition has been recognized as a duty of the Governor. *See, e.g., Bracco v. Wooster*, 91 N.H. 413, 20 A.2d 640 (1940). The decision of the Governor to comply with the demand may be challenged by filing a petiton for a writ of habeas corpus. RSA 613:3. The judicial inquiry into such a petition involves the identity of the person charged, the correctness of the requisition papers, whether the person is a fugitive, whether a crime is substantively charged, and, if the person has not yet been indicted, whether there has been a judicial determination of probable cause.

*Hinz v. Perkins,* 97 N.H. 114, 82 A.2d 423 (1951); *Clement v. Cox,* 118 N.H. 246, 385 A.2d 841 (1978); *Ierardi v. Gunter,* 528 F.2d 929 (1st Cir. 1976). The judicial determination of probable cause may occur in either the demanding State or the asylum State. *Clement,* 118 N.H. at 247, 385 A.2d at 843. If the probable cause determination took place in the demanding State, the asylum State may rely on the regularity of the demanding State's procedures. *Ierardi,* 528 F.2d at 931.

The plaintiff contends that we should look behind the determination of probable cause made in Massachusetts, because the evidence used to support the application for probable cause was obtained as a result of an illegal arrest in New Hampshire. The plaintiff would have us question the regularity of the probable cause determination in this case because of the importance of protecting the security of our citizens from unlawful intrusions by law enforcement agents from other States.

■ We agree that the arrest was illegal. At issue are the same principles of State sovereignty that we recently decided in *State v. Goff,* 118 N.H. 724, 393 A.2d 562 (1978). We held there that the authority of a New Hampshire State police officer in a foreign jurisdiction is to be determined by the law of that jurisdiction. In the case before us, the initial arrest occurred in New Hampshire by Massachusetts police officers. Under the Uniform Law on Interstate Fresh Pursuit, RSA ch. 614, a State police officer from another jurisdiction can enter New Hampshire in fresh pursuit of a person who is believed to be a fleeing felon in order to arrest that person. RSA 614:1. The arresting officer testified that when he crossed the border in New Hampshire, he did not have reasonable grounds to suspect that the plaintiff was a fleeing felon as required by RSA 614:5. In light of the summary nature of extradition proceedings, however, it is not necessary for us to look behind the determination of probable cause made in Massachusetts. *Clement,* 118 N.H. 246, 385 A.2d 841 (1978). The admissibility of evidence seized when the plaintiff was illegally arrested in New Hampshire can be properly determined in Massachusetts.

■ The plaintiff further urges that we grant his petition for a writ of habeas corpus because of the number of flaws and inconsistencies which appear in the extradition papers. Although the Massachusetts clerical staff which prepared the papers made several clerical and typographical errors, we find that the plaintiff's argument about

spelling errors is without merit. *See State v. Clough*, 71 N.H. 594, 53 A. 1086 (1902), *aff'd*, 196 U.S. 364 (1905).

*Exceptions overruled.*

All concurred.