Strafford
No. 78-281

JOHN T. MARTEL

v.

HAROLD KNIGHT, JAILER

March 23, 1979

*Stephen M. Morrison*, of Dover, by brief, for the plaintiff.

*Thomas D. Rath*, attorney general, and *John C. Boeckeler*, assistant attorney general, by brief, for the defendant.

PER CURIAM.   In this habeas corpus proceeding, the plaintiff challenges the sufficiency of the rendition papers. He contends that they are insufficient because they do not recite a finding of probable cause that the plaintiff has violated probation by the demanding State. The trial court denied relief, and the plaintiff's exceptions were transferred by *Goode*, J.

Among the rendition papers is an affidavit sworn to by Probation Officer Crittenden in support of the issuance of an extradition warrant. The affidavit states (1) that the plaintiff was in violation of his probation for failing to complete a "P.A.R." program and for leaving the program without permission, and (2) the plaintiff's whereabouts, according to his probation officer, were unknown. An arrest warrant issued by a judge of the Circuit Court for Orange County, Florida, is also among the rendition papers. Neither in the warrant nor elsewhere is it specifically stated that probable cause for the issuance of the warrant was found.

In *Michigan v. Doran*, 99 S. Ct. 530 (1978), the United States Supreme Court stated that "[a] governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met," and that the courts of an asylum State, on habeas corpus, can do no more than determine whether the documents on their face are in order, whether plaintiff has been charged with a crime in the demanding State, whether the plaintiff is the person named, and whether he is a fugitive. *Id.* at 535. At the conclusion of the opinion, the Court states that "once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Id.* at 536. The opinion further states that under the extradition clause, U.S. CONST. art. IV, § 2, "when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination" because "the proceedings of the demanding state are clothed with the traditional presumption of regularity." *Id.*

In *Michigan v. Doran*, however, the warrant issued by the demanding State contained a statement that the judicial officer had found "reasonable cause to believe that such offense[s] were committed and that [Doran] committed them. . . ." *Id.* at 533.

In *Smith v. Helgemoe*, 117 N.H. 91, 369 A.2d 218 (1977), this court held that the asylum State could assume a finding of probable cause by the demanding State from the fact that a warrant had issued. The United States District Court for the District of New Hampshire, however, disagreed. *Smith v. Helgemoe*, No. 77-59 (D.N.H. 1977). *See also Clement v. Cox*, 118 N.H. 246, 385 A.2d 841 (1978). The majority opinion in *Michigan v. Doran* gives little indication as to whether the holding applies when there is nothing in the rendition papers that expressly states that a finding of probable cause has been made. In other words, it is unclear whether we may assume a finding of probable cause once a warrant has been issued by a neutral judicial officer of the demanding State.

Because there is no specific recitation in the rendition papers that probable cause was found in this case, and because of the conflicting decisions of this court and the federal district court and the ambiguities in the *Michigan v. Doran* opinion, we are in a quandary as to our proper role in reviewing the rendition papers from Florida in this case. Both the majority and concurring opinions in *Michigan v. Doran*

appear to stress the fact that the rendition papers recited that probable cause had been found. The concurring opinion in several places uses the words "facially" with reference to a showing that probable cause had been found, and footnote 3 seems to emphasize that the papers "indicated on their face that such a finding had been made." 99 S. Ct. at 537, n.3. Because it appears that, in some States at least, arrest warrants are often issued without a showing of probable cause, *id.* at 534, and because of the seeming emphasis on the express finding appearing on the face of the warrant in *Michigan v. Doran* and the references to a facial showing, a substantial argument can be made that such a statement on the face of the rendition papers is required.

■ In the present case, however, we have an alternative ground upon which to decide. Probable cause that a plaintiff has committed a crime in the demanding State and has violated probation may be found in either the demanding or the asylum State. *Clement v. Cox* 118 N.H. 246, 247, 385 A.2d 841, 843 (1978); *Smith v. Helgemoe*, 117 N.H. 91, 369 A.2d 218 (1977); *Ierardi v. Gunter*, 528 F.2d 929 (1st Cir. 1976). In the case before us, the plaintiff on April 17, 1978, pleaded nolo contendere in Florida to a charge of possession of Percodan, a controlled narcotic drug. The statement in the rendition papers that the plaintiff pleaded nolo contendere enables us to find that probable cause exists and that the plaintiff committed a crime in the demanding State.

■ Sentencing was deferred and the plaintiff was placed on probation for four years. Two conditions of probation were that he not change his residence or employment or leave the county where he resided without permission, and that he successfully complete the P.A.R. Program and not leave the program without permission. His presence here in New Hampshire, together with the information contained in the rendition papers, lead us to conclude that probable cause exists that the plaintiff violated probation. We therefore hold that because probable cause exists both that the plaintiff committed a crime in the demanding State and that he violated probation, the trial court correctly denied his petition for release.

*Exceptions overruled.*