Coös,
June 5, 1928.

STATE *v.* ARTHUR BOISELLE.

*Harry G. Noyes*, solicitor, for the state.

*Ovide J. Coulombe* and *Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant.

ALLEN, J. The defendant's position that the statute (P. L., c. 324, s. 24) which provides that "Any writ, declaration, plea, complaint and warrant or other process made by a sheriff, deputy sheriff, police officer, constable or city marshal for another person shall be void," applies to the complaint here in question may not be sustained.

As far back as 1791 an act relating to sheriffs (Laws, *ed.* 1792, *p.* 145) included a prohibition against a sheriff or his deputy appearing in any court or before a justice of the peace as attorney to any party to a suit and declaring void any process, writ, declaration or plea made or drawn by them "for any other person," and this bar of authority and power has continued without change except in verbal phraseology and in a widened scope so as to apply the bar to police and other specified officers and so as to embrace complaints and warrants as a subject of the bar. The purpose of the legislation has been declared to be "to prevent abuses likely to follow from uniting in the same person the offices of sheriff and attorney." *Osgood* v. *Norris*, 21 N. H. 435, 437; *Sawyer* v. *Wood*, 59 N. H. 347; *Edgerly* v. *Hale*, 71 N. H. 138, 144.

No abuse or disturbance of justice has been suggested, and none occurs, when one police officer makes out a complaint and warrant for another such officer and administers the jurat as a justice of the peace, and the only claim is that the statute declares such process void. But in thus acting the officer is not rendering a service to another person. The service is to the state as represented by the municipality charged with some enforcement of law and order. The arresting officer is the complainant, not in his own behalf, but in behalf of the state, and the complaint in no sense serves to further any personal interest. The complaint is official and not personal. It is not perceived how any advantage is or may be taken of the defendant in the circumstance that the justice is a fellow police officer with the officer complaining. No purpose which the statute seeks to secure is contravened.

Since the complaint was not made out for any "person," in the meaning of the word as used in the statute to denote an individual having a personal interest, the statute did not operate to make the complaint and warrant void.

The officers were members of the police force of Berlin, and it is provided in the act creating the police commission of that city (Laws 1905, *c.* 160, *s.* 4) that the members of the police force "shall not engage in any other business or occupation, or hold any state, county or municipal office, except constables" and as such police officers.

A justice of the peace is a state official and the act accordingly bars members of the Berlin police force from holding that office. It does not appear which appointment here, as a justice or as a police officer, preceded the other. If the latter, the appointment as a justice by force of the act was made without authority and the appointee might not legally qualify. *Attorney-General* v. *Marston*, 66 N. H. 485. If the officer was first appointed a justice, a fair construction of the act makes the acceptance of the appointment as a police officer a termination of the office of a justice. The requirement of the act that the members of the police force shall not engage in any other business or occupation and shall hold no other office except as the act specifies, amounts in its contemplation to a removal from other existing office as well as to a bar from other future office while one enters and stays in office as a member of the police force.

But the act contains no clause rendering void process drawn by a member of the force in his capacity as a justice, and the validity of such process is accordingly to be determined by common law. It is held here and everywhere that one who assumes a public office under color of an election or appointment illegal in fact is a *de facto* officer, and his official acts are valid as to third persons when they are not from their nature or by express statutory enactment void. *Prescott* v. *Hayes*, 42 N. H. 56, and cases cited; *Attorney-General* v. *Megin*, 63 N. H. 378; *Jewell* v. *Gilbert*, 64 N. H. 13; *Attorney-General* v. *Marston*, *supra; State* v. *Barnard*, 67 N. H. 222; 22 R. C. L., *s.* 324, and cases cited. The reasons for the rule are well stated in *Jewell* v. *Gilbert*, *supra*, 14, and in *Norton* v. *Shelby County*, 118 U. S. 425, 441, 442, where it is said: "The doctrine which gives validity to acts of officers *de facto* . . . is founded upon considerations of policy and necessity, for the protection of the public and individuals whose interests may be affected thereby. Offices are created for the benefit of the public, and private parties are not permitted to inquire into the title of persons clothed with the evidence of such offices and in apparent possession of their powers and functions. For the good order and peace of society their authority is to be respected and obeyed until in some regular mode prescribed by law their title is investigated and determined. It is manifest that endless confusion

would result, if in every proceeding before such officers their title could be called in question." The rule applies equally to criminal and civil cases. *State* v. *Poulin*, 105 Me. 224; *State* v. *Carroll*, 38 Conn. 449; L. R. A. 1918 D, *note*, *p.* 1079, 1081, and cases cited.

If the justice received his appointment after becoming a police officer, he was a *de facto* justice, and what he did in that capacity was as valid as though he held the office *de jure*. If his appointment as a justice preceded the appointment to the police force, the result is the same. Although, as already appears, the acceptance of the appointment to the police force meant a termination of the office of justice, his continued exercise of the office was not usurpation. While wrongful, it was under such purported right as to bind third persons by it. There was no divestment of authority by direct proceedings so as to render its exercise void. While rightful authority was gone, color of authority took its place. "Until judgment of ouster or amotion is finally pronounced, he still remains in office, and his acts are valid." *Petition of Portsmouth*, 19 N. H. 115, 117. See also *Prescott* v. *Hayes, supra; Petersilea* v. *Stone*, 119 Mass. 465; *Oliver* v. *Jersey City*, 63 N. J. Law 634; *Green* v. *Wardwell*, 17 Ill. 278.

The other ground of exception is waived.

*Exception overruled.*

Snow, J., was absent: the others concurred.