Rockingham,
July 1, 1953. } No. 4213.

RUSSELL WEEKS HOOK

*v.*

THOMAS H. SIMES, *Conservator & a.*

*William. H. Sleeper* and *Wayne J. Mullavey* (*Mr. Mullavey* orally), for Russell Weeks Hook.

*William P. Fowler,* for Betty W. P. Worden.

LAMPRON, J.   The notice of appeal required by R. L., *c.* 365, *s.* 4, "is an essential component of the procedural action necessary to the bringing of an appeal . . . . 'without a compliance with these provisions there is no valid appeal.' " *Arnold* v. *Hay,* 95 N. H. 499, 500; *Parker's Appeal,* 15 N. H. 24; *Clough* v. *Sanders,* 53 N. H. 618, 619.   Although this section does not specify to whom notice should be given "there can be no doubt that the leading object and policy of the statute . . . was to secure notice to the appellee and all parties interested." *Tilton* v. *Tilton,* 35 N. H. 430, 432.

Inquisition into the competency of a person and the appointment of a guardian is a proceeding by the State in its character of *parens patriae,* based on its interest in the welfare of the alleged incompetent. *People* v. *Janssen,* 263 Ill. App. 101, 103; *Wells* v. *Attorney General of the United States,* 201 F. (2d) 556, 559; 28 Am. Jur. 663 (1952 supplement); 44 C.J.S. 55.   This proceeding is generally held not to be adversary in the ordinary sense. *Id.,* 55. It is not an action to determine rights between the petitioner and the person informed against. *Id.,* 56.   Some authorities maintain that the petitioner is not a party thereto any more than the person who signs the complaint in a criminal prosecution is a party to the action.   28 Am. Jur. 663.   Other authorities take the view that the applicant at whose instance the mental incompetency proceed-

ing is had (R. L., c. 343, s. 1) is a necessary party thereto. 44 C.J.S. 70.

There is no doubt, however, that proceedings to establish mental incompetency are not criminal but civil in nature (44 C.J.S. 54; see *In re Moulton*, 96 N. H. 370, 373), although they possess a special character of their own. If they should result in a finding of competency the petitioner might be subjected to costs if it is found they were not instituted upon probable cause and in good faith. Buswell on Insanity, 93. Under those circumstances the applicant could also be subjected to a suit for damages. See *People* v. *Janssen, supra*.

We are of the opinion that certain rights of the petitioner Worden can be sufficiently affected by this appeal to place her in the class of persons to whom notice was intended by R. L., c. 365, s. 4. *Arnold* v. *Hay, supra*.

We must therefore sustain the exception of Betty W. P. Worden without prejudice to any petition which may be filed on behalf of Hook for relief under R. L., c. 365, s. 7.

*Exception sustained.*

All concurred.