Municipal Court of Nashua,
No. 4279.

STATE *v.* ROBERT MORRIS.

Argued March 3, 1954.

Decided March 31, 1954.

518

*Louis C. Wyman,* Attorney General and *Arthur E. Bean, Jr.* Assistant Attorney General (*Mr. Bean* orally), for the State.

*Robert J. Doyle* (by brief and orally), for the defendant.

BLANDIN, J. The question before us is whether a chief of police may make a valid complaint upon information given him by one of his officers or whether he must himself have personal knowledge of the facts. The defendant argues that R. L., c. 380, s. 24, is authority for his contention that complaints may not be made by a chief of police upon belief but must be founded upon his personal knowledge. This statute provides as follows: "Any writ, declaration, plea, complaint and warrant or other process made by a sheriff, deputy sheriff, police officer, constable or city marshal for another person shall be void."

The practice of permitting one to make a complaint without personal knowledge of the facts but upon reasonable belief has been established here for many years. As far back as the 1888 edition of Justice and Sheriff (*p.* 297), substantially the same form of jurat as in the complaint before us appears with a note that when the facts charged were within the personal knowledge of the complainant, the words "in my belief" might be omitted. So far as we are able to discover this procedure has never been questioned here and counsel for the defendant has cited no case in this state which indicates that it is invalid. On the contrary, it has long been "the general policy of the law that any person who has probable cause for believing that another has committed a crime shall be at liberty to make complaint against the offender." *State* v. *Howard,* 69 N. H. 507, 508. Neither in the pertinent provisions of our Constitution (Part I, *Arts.* 14, 15, 19) nor in our statutes (R. L., c. 421, s. 8) do we find any provision against the practice followed in this case.

It appears that there are no controlling arguments of policy to

compel us to depart from this long established procedure of permitting the chief of police to sign complaints based upon information given him by his own officer over whom he has control and whom he could hold accountable for ill-founded information. Undoubtedly, a defendant in such circumstances may sue for malicious prosecution or false arrest which should act as a strong deterrent against a chief of police signing a complaint unless he is satisfied of its integrity.

A vital purpose of a complaint is to acquaint a defendant with the charges against him so he may prepare for trial. *State* v. *Story,* 97 N. H. 141, 146, and cases cited. This purpose may be as well accomplished under the present practice as by insisting that the complainant have personal knowledge of the facts of the alleged offense.

Decisions in other states taking a different view are not controlling and the order is

*Exception overruled.*

All concurred.