Grafton,
No. 4313.

STATE *v.* GEORGE B. DAVIS.

Argued May 4, 1954.

Decided May 19, 1954.

*Louis C. Wyman,* Attorney General, *Warren E. Waters,* Deputy Attorney General, *Elmer T. Bourque,* Law Assistant and *Charles E. Tesreau,* county solicitor (*Mr. Bourque* orally), for the State.

*John M. Stark* (by brief and orally), for the respondent.

KENISON, C. J. The first sentence and the pertinent part of R. L., *c.* 119, *s.* 29, as amended by Laws 1949, *c.* 286, *s.* 1, provides: "29. SPEED, REASONABLE AND PRUDENT. No person shall drive a

motor vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." This statute is copied from section 56 of Act V, Uniform Act Regulating Traffic on Highways, approved by the National Conference on Street and Highway Safety in 1944 and approved without change by the National Committee on Uniform Traffic Laws and Ordinances in 1952.

"In the light of modern conditions any complaint or indictment should be considered adequate if it informs the defendant 'of the nature and cause of the accusation with sufficient definiteness' so that he could prepare for trial." ` State v. Rousten, 84 N. H. 140, 143. While some jurisdictions do not require a criminal complaint to be as complete and correct as an indictment (Orfield, Criminal Procedure from Arrest to Appeal (1947) 76), under our law a criminal complaint must meet the same requirements as an indictment. R. L., c. 427, s. 8. Second Report, N. H. Judicial Council 58 (1948). An indictment or complaint for reckless driving which uses the statutory language but omits any allegations of definite overt acts is considered invalid. State v. Gilbert, 89 N. H. 134, 136. However if the complaint or indictment uses the statutory language together with allegations of definite overt acts it is sufficient and valid. State v. Langelier, 95 N. H. 97. In the present case the complaint contains the statutory language for speeding but also contains a description of specific acts indicative of a speed greater than was reasonable and prudent. The complaint states that the respondent left the highway on a curve, skidded off the highway and caused the motor vehicle to roll over. Consequently the complaint in this case was sufficient to apprise the respondent of the offense for which he is charged as well as the manner in which the statute was violated.

The respondent relies on State v. Liptzer, 90 N. H. 395, and State v. Gilbert, supra, but these cases are distinguishable since the complaint or indictment in those cases failed "to allege any particular act of the defendant which would constitute a violation of the statute." State v. Donovan, 97 N. H. 190, 192. While it is true that both the statute and the complaint in this case use general words to define the offense, they are not considered so indefinite and uncertain as to violate constitutional requirements. State v. Andrews, 108 Conn. 209. Anno. 115 A. L. R. 357; 12 A. L. R. (2d) 580. It is proper to set out motor vehicle violations in the language of the statute if a statement of facts or overt acts

descriptive of a statutory violation are included. *State* v. *Soucy,* 97 N. H. 233. Since these requirements have been met in this case the order is

*Exception overruled.*

All concurred.