DEPARTMENT OF WILDLIFE — FILING FOR CRIMINAL ACTION IN WATER POLLUTION CASES The provisions of 82 O.S. 937 [82-937](b) (1970) are in the nature of a general criminal statute and contain no restrictions or limitations as to who may file a criminal complaint to enforce the criminal sanctions provided for therein. Accordingly, a complaint may be filed under the authority of 82 O.S. 937 [82-937](b) (1970) by any person who can legally be a witness and who has knowledge or information of the violation of the criminal provisions contained therein. The Attorney General has considered your request for a formal opin- ion contained in your letter dated February 16, 1971. In your letter, you ask "whether the Department of Wildlife Conservation personnel can file for immediate criminal action in water pollution cases under 82 O.S. 931 [82-931] — 82 O.S. 93 [82-93]9". DISCUSSION AND ANALYSIS: The Pollution Control Coordinating Act of 1968, which is found in 82 O.S. 931 [82-931] — 939, became effective on May 2, 1968. Since that time, there have been no case decisions from the Supreme Court of the State of Oklahoma construing or interpreting the provisions of this Act. The only source for guidance that we have in regard to your question is the content of the provisions of the Act itself. From an overall reading of the Act, it appears that the purpose of Pollution Control Coordinating Board is to guarantee or assure the prevention and abatement of pollution of the waters of the State. Section 82 O.S. 932 [82-932](b) provides that the Pollution Control Coordinating Board shall be comprised of the State Commissioner of Health, the President of the State Board of Agriculture, Director of the Oklahoma Water Resources Board, the Director of the Department of Wildlife Conservation, and the Chairman of the Oklahoma Corporation Commission. Section 82 O.S. 933 [82-933](a) of the Act, reads in part, as follows: ". . .this Act shall not be construed as modifying or lessening any requirements, authority or responsibility of any agency of the State and the discharge of its duties as prescribed by law for preventing or controlling pollution." Section 82 O.S. 933 [82-933](b) of the Act provides in part as follows: "A report by each agency of complaints received and violations reported and all actions or pollution abatement taken pursuant thereto shall be made to the Board members and Executive Secretary prior to each regular monthly meeting." (Emphasis added) You will notice that this provision of the Act does not mention what action is to be taken, but "all actions taken". It is only in the instance that the agency charged with the primary duty and responsibility of abating and preventing pollution of waters of the State has failed, refused or neglected to take action that the Board, itself, is empowered, by a concurring vote of at least three members thereof, to take the necessary action to prevent and abate the pollution. In this regard, see the provisions of Section 82 O.S. 934 [82-934](c) and Section 82 O.S. 936 [82-936](b). Section 82 O.S. 937 [82-937] of the Act provides for certain criminal penalties, actions for recovery of damages, and a remedy by way of injunction. Section 82 O.S. 937 [82-937](d) affirmatively provides as to who is to bring an action for injunction. It provides that it shall be the duty of the Attorney General, on the request of the Board, to bring an action for an injunction against any person, firm or corporation violating the provisions of this Act, or violating any order or determination of the Board. This provision of the Act would seem to restrict the making of a complaint for injunction to certain persons, i.e., the Attorney General. Section 82 O.S. 937 [82-937](c) affirmatively provides that actions may be filed "by the Board" on behalf of the State to recover the necessary money to restock or replenish fish or other wildlife which has been killed by reason of any violation of the Act or order of the Board promulgated pursuant to the Act. This remedy is to be "in addition to the penalties provided in sub-section (b),". Once again, this particular provision of the Act specifically provides who is to bring an action to enforce the remedy provided. Section 82 O.S. 937 [82-937](b) defines what the violation shall be as follows: "Any person, firm or corporation who violates any provisions of this Act by knowingly or willfully disposing of or discharging either directly or indirectly any untreated or inadequately treated waste which pollute the waters of the State in violation of this Act or regulations or standards of water quality established under the provisions of the Act or who knowingly or willfully violates any other pollution control statute of this State or regulations relating thereto established pursuant to law shall be guilty of a misdemeanor and upon conviction shall be punished by fine of not more than Five Hundred Dollars ($500) or by imprisonment for a term of not more than ninety (90) days or by both such fine and imprisonment. Each and every day the violation occurs shall constitute a separate violation." Title 82 O.S. 937 [82-937](b) (1970) is in the nature of a general criminal statute. It contains no limitations as to who may file a complaint under the authority granted therein. It is the general policy of the law that any person who has probable cause for believing that another has committed a crime shall be at liberty to make a complaint against the offender. In this regard, see State v. Currier, 347 P.2d 29
(Arizona); State v. Morris, 103 A.2d 913 (New Hampshire). Title 22 C.J.S. Criminal Law, 305, states the following general proposition of law which is quoted from City of Alarnogordo v. Harris, 335 P.2d 565, 566 (New Mexico): "Where a statute restricts the making of a complaint to certain persons, it may be made by such persons only; but in the absence of such a statute a complaint may be made by any person who legally can be a witness and who has knowledge or information of the criminal law." OPINION: It is the opinion of the Attorney General that your question be answered in the affirmative. The provisions of 82 O.S. 937 [82-937](b) (1970) are in the nature of a general criminal statute, and contain no restrictions or limitations as to who may file a criminal complaint to enforce the criminal sanctions provided for therein. Accordingly, a complaint may be filed under the authority of 82 O.S. 937 [82-937](b) (1970) by any person who can legally be a witness and who has knowledge or information of the violation of the criminal provisions contained therein. (Odie A. Nance)