Nashua District Court
No. 6925

STATE OF NEW HAMPSHIRE

v.

PAUL G. MANDRAVELIS

September 30, 1974

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general *(Mr. Hess* orally), for the State of New Hampshire.

*David M. Gottesman,* by brief and orally, for the defendant.

GRIMES, J. The issues in this case are whether the magistrate who issued the search warrant was "neutral and detached" and whether the affidavit contained sufficient information to support the issuance of the warrant.

The warrant was issued by a justice of the Nashua District Court on the following affidavit:

"1. That the Narcotics and Vice Division of the City of Nashua, has received reliable information from informants who have proven their reliability in the past, stating that one Paul G. Mandrevelis, Date of birth, 5 September 1948, is dealing in marijuana in small and large quantiities, and is also dealing in other types of diverse drugs.

"2. That on 18 December 1973, standing and rolling surveilances were maintained by Detectives of the Narcotics and Vice Division, during which time known drug users and drug dealers have been entering and leaving the home of the said Paul Mandrevelis, DOB 5 September 48, situated at 2 Bennett Street, first floor, south side apartment, Nashua, New Hampshire.

"3. That on 28 December 1973, the Narcotics and Vice Division received reliable information, that in the apartment of Paul G. Mandrevelis, which is situated at 2 Bennett Street, Nashua, New Hampshire, first floor, south side of stated building, that the C.I. did observe a quantity

of Marijuana, and other diverse drugs, in said apartment.

"4. Based on the information supplied above and upon my own personal knowledge and belief, there is probable cause to believe that contained in the apartment of Paul Mandrevelis, DOB 5 September 48, which is situated at 2 Bennett Street, Nashua, New Hampshire, first floor, south side of stated building, is contraband in the form of Cannabis Sativa L. (Marijuana), and other diverse controlled drugs as cited in New Hampshire Revised Statutes Annotated 318-B. Controlled Drug Act."

In executing the warrant, the police found and seized certain drugs in defendant's home and charged him with possession of marijuana in excess of a pound contrary to RSA 318-B:26 (Supp. 1973) and possession of LSD with intent to sell contrary to RSA 318-B:2 (Supp. 1973). Defendant moved to suppress all physical evidence and any statements or admissions resulting from the search on the ground that the warrant was invalid. The motion was denied by another Justice *(Gormley,* J.) who transferred defendant's exceptions.

Defendant first contends that since the issuing magistrate, before becoming a judge, had as a lawyer represented the defendant on several criminal charges, some of which resulted in convictions and sentence to jail, and also had knowledge that the defendant had had problems with drugs when younger, he was not a "neutral and detached" magistrate as required by the Constitution of the United States under *Coolidge v. New Hampshire,* 403 U.S. 443 (1971). There the Court adopted a per se rule of disqualification when the warrant had been issued by the attorney general, the State's chief law enforcement officer, who not only was actively in charge of the investigation of the case but who would also be the chief prosecutor. He was therefore performing two inconsistent functions. No comparable situation is alleged here so as to call for the application of a per se rule of disqualification. *State v. Salsman,* 112 N.H. 138, 290 A.2d 618 (1972). In addition, the denial of the motion

indicates that the defendant failed to show that the issuing magistrate was in fact prejudiced against him by the reason of the prior associations. Such a finding was not required from the mere fact of previous representation.

The sufficiency of the affidavit to support the issuance of the warrant presents a more difficult problem. Although we uphold the warrant, we agree with the assistant attorney general that this affidavit goes to the very edge of what is permissible. What is disturbing is that it appears that the police had sufficient information which if it had been included in the affidavit would have removed any question of its sufficiency. Police and issuing magistrates should know that no amount of probable cause in fact can support a warrant if the evidence before the magistrate, either in the affidavit or presented under oath, will not support a finding of probable cause. *Aguilar v. Texas,* 378 U.S. 108 (1964). The police and the magistrate both have the obligation to take care that the evidence not only meets the minimum requirements but includes enough to eliminate needless contests over the validity of warrants.

Because of the importance of the subject in the administration of criminal justice, we review some of the basic requirements for a valid search warrant. In outline form they are: 1. When all the information is from the personal observation of the officer he should so state and relate the underlying facts to support probable cause, not merely his conclusion. 2. When all or part of the information comes from an informer, the police officer should: (a) state what part comes from the informer; (b) state the facts received from the informer not merely his conclusions; (c) state how the informer got the information; *i.e.,* by personal observation or from another informer or otherwise; (d) state facts from which the magistrate can determine if the informer is a credible (truthful) person. (Part (d) is not required when it is stated that information comes from other police officers.)

The deficiencies of paragraphs 1, 3 and 4 of the affidavit in question should be apparent from the application of the requirements outlined above.

A basis for establishing the credibility of the informers,

however, is supplied by the corroborative information contained in paragraph 2. It is there stated that detectives of the narcotics and vice division conducted surveillance of the premises and saw known drug users enter and leave defendant's home. This is sufficient corroboration of the information received from the informers for the issuance of the warrant and since this corroborating information came from fellow officers, it may be relied on. *United States v. Ventresca,* 380 U.S. 102 (1965).

*Exceptions overruled.*

All concurred.