Belknap
No. 78-258

THE STATE OF NEW HAMPSHIRE

v.

DANIEL B. FIELDS

April 13, 1979

*Thomas D. Rath*, attorney general (*Paul W. Hodes*, attorney, orally), for the State.

*Charles A. Russell*, of Concord, by brief and orally, for the defendant.

GRIMES, J.   This is an interlocutory transfer without ruling of the defendant's motions to dismiss certain criminal complaints charging him with operating a motor vehicle under the influence of intoxicating liquor and after revocation of his driver's license. The issues presented are first, whether RSA 104:26 precludes prosecution upon criminal complaints drawn and sworn to by a police officer other than the arresting officer; and second, whether the fourth amendment to the United States Constitution and part I, article 19 of the New Hampshire Constitution require the same factual allegations of probable cause in misdemeanor complaints issued after arrest and used for the sole purpose of instituting criminal proceedings as would be required of an affidavit in support of an arrest or search warrant. We answer both questions in the negative.

The defendant was arrested early on the morning of September 5, 1978, while driving an automobile in the town of Belmont. The arresting officer, Robert Soucy of the Laconia Police Department, had pursued defendant from the city of Laconia. At arraignment before the Laconia District Court, the defendant was charged by two criminal complaints, one for operating a motor vehicle under the influence of intoxicating liquor, second offense, RSA 262-A:62, and the other for operating a motor vehicle after revocation of license, RSA 262:27-b.

The complaints were drawn and sworn to before a judicial officer by William Lyons, at that time a special officer and prosecutor for the Laconia Police Department who was authorized by the chief of police to sign complaints. It is agreed that, at the time the complaints were prepared, Officer Lyons had no personal knowledge of the alleged offenses, and that he signed the complaints without the benefit of an affidavit from Officer Soucy.

After a trial in district court, defendant was found guilty of both offenses. The defendant appealed for a trial de novo in the Belknap County Superior Court. RSA 592-A:2. There the defendant raised for the first time the validity of the underlying complaints. The Court (*Loughlin*, C.J.) transferred without ruling defendant's motions to dismiss.

The defendant first contends that RSA 104:26 makes invalid any complaint not drawn by the arresting officer. That statute provides: "Any writ, declaration, plea, complaint and warrant or other process made by a sheriff, deputy sheriff, police officer, constable or city marshall *for another person* shall be void." (Emphasis added.) The defendant urges a literal reading of the statute, and would have us construe it to preclude the practice apparently followed by the Laconia Police Department. The suggested construction, however, does not comport with our case law. *See State v. Morris*, 98 N.H. 517, 103 A.2d 913 (1954); *State v. Boiselle*, 83 N.H. 339, 143 A. 704 (1928). This court stated in *State v. Boiselle, supra*, that "when one police officer makes out a complaint and warrant for another such officer . . . [he] is not rendering a service to another person. The service is to the state as represented by the municipality charged with some enforcement of law and order." *Id.* at 340, 143 A. at 705. The fact that the arresting officer was the complainant in *Boiselle* did not prevent us from holding in *State v. Morris, supra*, that, despite the wording of the complaint statute, a chief of police could "sign complaints based upon information given him by his own officer over whom he has control and whom he could hold accountable for ill-founded information." *Id.* at 519, 103 A.2d at 914.

We are of the opinion that RSA 104:26 was not intended by the legislature to preclude the practice followed here by the Laconia police. As in the previously mentioned cases, "[n]o purpose which the statute seeks to secure is contravened" by having a special agent of the chief of police sign the complaints for a fellow officer. *State v. Boiselle*, 83 N.H. at 340, 143 A. at 705. We hold that RSA 104:26 does not preclude the practice challenged in the present case.

The defendant's second contention, that complaints charging him with traffic misdemeanors are invalid because they do not meet the

probable cause requirements for the issuance of a warrant under the fourth amendment, U.S. CONST. amend. IV, confuses the use of a complaint as the basis for obtaining a warrant, *see Whiteley v. Warden*, 401 U.S. 560 (1971), with its use to initiate post-arrest criminal proceedings.

The essence of his argument is that the complaints against him are invalid on their face because they are (1) sworn to by one not possessing first-hand knowledge of the factual allegations, yet (2) devoid of statements concerning the credibility and identity of the informant, "the facts received from [him]; . . . [and] how [he] got the information; *i.e.*, by personal observation or from another informer or otherwise." *State v. Mandravelis*, 114 N.H. 634, 637, 325 A.2d 794, 796 (1974). This argument, however, assumes that the fourth amendment and its New Hampshire counterpart, N.H. CONST. pt. I, art. 19, apply either on their face or by analogy to post-arrest complaints not issued to secure further searches or seizures.

■ The fourth amendment secures "[t]he right of the people . . . against unreasonable searches and seizures," and provides that "no *warrants* shall issue, but upon probable cause, supported by oath or affirmation." U.S. CONST. amend. IV. (Emphasis added.) Likewise, part I, article 19 of the New Hampshire Constitution guarantees the people's "right to be secure from all unreasonable searches and seizures," and provides that "all *warrants* . . . are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation." N.H. CONST. pt. I, art. 19. (Emphasis added.) The defendant relies primarily upon the cases of *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Coolidge v. New Hampshire*, 403 U.S. 443 (1971); *Spinelli v. United States*, 393 U.S. 410 (1969); and *Giordenello v. United States*, 357 U.S. 480 (1958). These cases, however, are readily distinguished from the present case, because they relate either to the validity of detention or to the issuance of search warrants. The constitutional provisions cited by the defendant do not mandate or suggest the result sought by the defendant; that is, the dismissal of the complaints. The fourth amendment and N.H. Const. pt. I, art. 19 concern only searches and seizures, and their express requirement of *probable cause* can be read to encompass only situations involving searches and seizures. These provisions do not purport to govern the issuance of post-arrest traffic complaints. *Accord, State ex rel. Purcell v. Superior Court*, 109 Ariz. 460, 511 P.2d 642 (1973); *Stubert v. County Court*, 163 Colo. 535, 433 P.2d 97 (1967); *People v. Harding*, 34 Ill. 2d 475, 216 N.E.2d 147 (1966).

■ Criminal complaints are the mechanism by which misdemeanor prosecutions are begun in New Hampshire's municipal and district courts. RSA 592-A:7. Their function is informational, and "any complaint or indictment should be considered adequate if it informs the defendant 'of the nature and cause of the accusation with sufficient definiteness' so that he [can] prepare for trial." *State v. Davis*, 99 N.H. 88, 89, 105 A.2d 47, 48 (1954), *quoting State v. Rousten*, 84 N.H. 140, 143, 146 A. 870, 872 (1929). Thus, by statute, complaints must be "signed and under oath," and must "briefly [set] forth, by name or description, the party accused and the offense with which he is charged." RSA 592-A:7. *See also* N.H. JUDICIAL COUNCIL, FIFTH BIENNIAL REPORT 17 (1954). But a complaint issued after an arrest, and not for the purpose of securing a warrant, need do no more. *See Whiteley v. Warden*, 401 U.S. 560 (1971). Neither U.S. Const. amend. IV nor N.H. Const. pt. I, art. 19 requires or supports by analogy the probable cause formalities sought by the defendant. "[T]he considerations that dictate safeguards against the promiscuous use of arrest warrants do not extend to the form and content of the document by which the prosecution of a criminal offense is initiated." *People v. Harding*, 34 Ill. 2d 475, 481, 216 N.E.2d 147, 151 (1966).

■ We hold that the constitutional provisions relied upon by the defendant neither require nor suggest by analogy that a post-arrest misdemeanor complaint used only to begin criminal proceedings and not to secure arrest or search warrants must meet the constitutional requirements of affidavits in support of warrants.

This is another example of a case that need not have occupied the time of this court or that of counsel. The simple expedient of having Officer Soucy sign and swear to the complaints when the issue was first raised would have avoided this costly litigation. *See Martel v. Knight*, 119 N.H. 190, 400 A.2d 478 (1979).

*Exceptions overruled.*

All concurred.