Cheshire County Probate Court
No. 80-057

## *In re* STELLA P. SNOW ESTATE

September 10, 1980

*Faulkner, Plaut, Hanna, Zimmerman & Freund,* of Keene, by brief for the intervenors.

*R. J. Shortlidge, Jr.,* of Keene, by brief for the temporary guardians.

BOIS, J.   The issue in this case is whether RSA ch. 464-A (Supp. 1979) (Guardians and Conservators) applies to cases commenced but not yet decided as of the act's effective date, August 22, 1979. The Probate Court (*Espiefs,* J.) ruled "that RSA 464-A abrogates all prior proceedings under RSA 464 and compels compliance with the procedural and substantive requirements of the new law effective August 22, 1979." We agree.

The probate court found, in relevant part, the following. On November 16, 1978, Elizabeth Kingsman was appointed temporary guardian of Stella P. Snow upon a petition filed under RSA ch. 464 (repealed effective August 22, 1979). At about the same time, another petition was filed for her appointment as permanent guardian under the same statute. On January 9, 1979, an appearance was filed by Eugene Snow *et al.* as intervenors. A hearing on the petition for appointment of Elizabeth Kingsman as permanent guardian was continued for various reasons. Meanwhile, Elizabeth Kingsman's temporary guardianship over Stella P. Snow was extended until September 17, 1979. On August

22, 1979, a full evidentiary hearing was held on the petition pursuant to RSA ch. 464. The next day the then Probate Court Judge (*Lichman,* J.) decreed: (1) that Elizabeth Kingsman was qualified to act as a guardian, (2) that she should file an account of her administration as temporary guardian within fifteen days, and (3) that upon allowance of her account, letters of permanent guardianship would be issued to her. Intervenors appealed the probate court's findings and rulings to this court, but the appeal was declined.

Upon the filing of the final account of temporary guardianship by Kingsman pursuant to the probate court's decree, intervenors objected on the grounds that the account was incorrect, and that the statute under which the original petition was filed, RSA ch. 464, was repealed and replaced by RSA ch. 464-A (Supp. 1979) requiring the court to abrogate all proceedings commenced prior to August 22, 1979, the effective date of the statute. This was the first time that the validity of the proceedings was challenged.

At a hearing on November 8, 1979, the probate court and counsel agreed that the primary issue was the effect of RSA ch. 464-A (Supp. 1979) on the prior proceedings in this case. The Probate Judge (*Espiefs,* J.) decreed that RSA ch. 464-A (Supp. 1979) abrogates all proceedings commenced under RSA ch. 464 and compels compliance with the requirements of the new law effective August 22, 1979. Kingsman appeals that decision.

Kingsman argues that the permanent guardianship proceedings under RSA ch. 464 were commenced and had almost concluded before the effective date of RSA ch. 464-A (Supp. 1979) and are saved from repeal by RSA 21:37, which provides as follows:

> "The repeal of an act shall in no case affect any act done, or any right accruing, accrued, acquired, or established or any suit or proceeding had or commenced in any civil case, before the time when repeal shall take effect."

We disagree.

RSA 21:37 does not apply here. That statute is designed to preserve one's right of action once that action has been commenced. Although RSA ch. 464 was repealed, it was replaced by RSA ch. 464-A (Supp. 1979). Kingsman's right of action has not been lost, nor does either party assert that the proceedings should be terminated because RSA ch. 464 has been repealed. The issue therefore is whether the procedural requirements of RSA ch. 464-A (Supp. 1979) apply to cases commenced but not yet decided as of the effective date of the act.

■ Where a statute is remedial or procedural in nature, there is a presumption that it applies to cases pending at the time of its enactment. *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 117 N.H. 269, 371 A.2d 1171 (1977); *Riesenberg v. State*, 115 N.H. 12, 332 A.2d 393 (1975); *Property Owners Ass'n v. Sholley*, 111 N.H. 363, 284 A.2d 915 (1971). RSA ch. 464-A (Supp. 1979) effected sweeping reforms in New Hampshire's guardianship laws and is clearly remedial in nature. RSA 464-A:1 (Supp. 1979) reveals the broad and protective nature of the statute.

> "It is the purpose of this chapter to promote and protect the well-being of the proposed ward in involuntarily imposed protective proceedings. This chapter is designed to provide procedural and substantive safeguards for civil liberties and property rights of a proposed ward or an individual already under guardianship powers. It is the further purpose of this chapter to encourage the development of maximum self-reliance in the individual; to encourage rehabilitative care, rather than custodial care for incapacitated individuals; and to impose protective orders only to the extent necessitated by the individual's functional limitations."

Moreover, the new law requires the providing of an attorney for the proposed ward, which right is "absolute and unconditional." RSA 464-A:6 (Supp. 1979). Snow was not represented by counsel in those proceedings and as the court stated in its January 3, 1980, decree:

> "The guarantee of counsel now makes the proposed ward an active party in the very proceedings determining his *need* for a guardian, and *who* should be his guardian. No such protection was afforded Stella P. Snow under the proceedings in this case. She has never had a chance to be heard on these questions. In view of the remedial objectives of the new law, this alone is sufficient basis for nullification of the proceedings under RSA 464. (Emphasis added.)"

■ Accordingly, we hold that the procedural requirements of RSA ch. 464-A (Supp. 1979) apply to cases commenced but not yet decided as of August 22, 1979.

*Affirmed.*

All concurred.