Belknap County Probate Court
No. 80-274

## *In re* LOUIS DELUCCA

February 23, 1981

*William M. Greene,* of Meredith, by brief and orally, for the proposed ward, Louis DeLucca.

*Falardeau, Mahan & Franks,* of Tilton (*George J. Falardeau* on

the brief and *William W. Franks* orally), for the proposed guardian, Mildred F. DeLucca.

GRIMES, C.J.   This appeal arises out of a guardianship proceeding under RSA ch. 464-A (Supp. 1979) in which the Probate Judge (*Burlingame*, J.) appointed Mildred F. DeLucca as permanent guardian of her husband, Louis DeLucca. Counsel for the proposed ward challenges the adequacy of the petition for appointment of a guardian. We hold that the petition was defective and that the court should have dismissed it. We therefore vacate the court's order appointing a guardian.

Counsel for the proposed ward contends that the petition failed to comply with RSA 464-A:4 II(e) (Supp. 1979) and that, therefore, the probate court lacked jurisdiction in the proceeding below. RSA 464-A:4 II(e) (Supp. 1979) provides that the petition must state:

> "Facts showing the necessity for the appointment of a guardian . . . *including specific factual allegations* as to the proposed ward's financial transactions, personal actions or actual occurrences which are claimed to demonstrate his or her inability to manage an estate or to provide for personal needs for health care, food, clothing, shelter, or safety."

(Emphasis added.) The petition in this case alleged that Mr. DeLucca's "property must be sold to provide for his care and [that he] is mentally incompetent." It further alleged that Mr. DeLucca "has no ability to think clearly, he has no memory, he cannot tell time, he is disoriented as to time and place and is completely unable to care for himself."

■   The purpose of RSA 464-A:4 II(e) (Supp. 1979) is to ensure that the acts, occurrences and financial transactions which allegedly demonstrate that the proposed ward is incapacitated are set forth with sufficient particularity to enable him to prepare a defense. In this respect, the petition for appointment of a guardian is similar to a juvenile petition or a criminal complaint. *See In re Russell C.*, 120 N.H. 260, 262, 414 A.2d 934, 935 (1980); *State v. Fields*, 119 N.H. 249, 253, 400 A.2d 1175, 1177 (1979).

■   Clearly the allegations that the proposed ward "is mentally incompetent" and that he is "unable to care for himself" fall far short of the statutory mandate, for these merely state affirmatively the ultimate issues which the probate court must determine in a guardianship proceeding. *See* RSA 464-A:9 (Supp. 1979). All but

one of the remaining allegations are merely general conclusions regarding the proposed ward's alleged mental deficiencies and functional disabilities. They do not constitute the type of specific factual allegations which must, under RSA 464-A:4 II(e) (Supp. 1979), be included in the petition. The petition does allege that the proposed ward is suffering from a specific functional disability, the inability to tell time. The inclusion of this single specific allegation, however, does not bring the petition into compliance with the statute, for the petition is still of little assistance to the proposed ward or his counsel in preparing for the guardianship proceeding. Under these circumstances, the court should have dismissed the petition. *Cf. State v. Bean,* 117 N.H. 185, 188–89, 371 A.2d 1152, 1153–54 (1977); *State v. Panichas,* 107 N.H. 359, 361, 222 A.2d 211, 213 (1966).

This ruling, however, does not require that petitions filed under RSA ch. 464-A (Supp. 1979) contain an exhaustive list of acts and occurrences which allegedly evidence incapacity. The statute is not designed to erect procedural hurdles which only the most persevering and painstaking proposed guardians can overcome. Counsel for the proposed ward are admonished that they have the obligation to consider the best interest and welfare of the ward. Nevertheless, the statute "is designed to provide procedural and substantive safeguards for civil liberties and property rights of a proposed ward or an individual already under guardianship powers." RSA 464-A:1 (Supp. 1979); *see In re Snow's Estate,* 120 N.H. 590, 592, 419 A.2d 1095, 1096 (1980). To hold that the petition in this case, as defective as it is, is yet sufficient to comply with RSA 464-A:4 II(e) (Supp. 1979) would be at odds with the "broad and protective nature of the statute." *In re Snow's Estate, supra* at 592, 419 A.2d at 1096.

■ We therefore vacate the order of the probate court appointing the petitioner as her husband's permanent guardian. The petitioner may, if the circumstances warrant, file a new petition under RSA ch. 464-A (Supp. 1979) because guardianship proceedings are civil in nature, *Hook v. Simes,* 98 N.H. 280, 282, 98 A.2d 165, 167 (1953), and the rule against double jeopardy, therefore, does not apply to them. *State v. Hudson,* 121 N.H. 6, 11, 425 A.2d 255, 257 (1981).

*Exception sustained; appointment vacated.*

All concurred.