Hillsborough
No. 81-265

LINDA SUE RAHAIM

v.

GARY C. PSAROS

July 7, 1982

*Hoiland & Aivalikles*, of Nashua (*William E. Aivalikles* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Dort S. Bigg* and *Gary E. Hicks* on the brief, and *Mr. Hicks* orally), for the defendant.

### MEMORANDUM OPINION

In December 1978, the plaintiff brought suit against the defendant, alleging personal injuries arising out of an automobile accident. The case was eventually scheduled for trial beginning on February 24, 1981. On February 18, 1981, the plaintiff moved to amend her original writ against the defendant to add a claim for enhanced damages because the defendant was operating his automobile while under the influence of intoxicating liquor at the time of the accident in question. The Court (*Dalianis*, J.) denied the plaintiff's motion to amend, and the plaintiff excepted. After a trial and a jury verdict awarding her damages, *Flynn*, J., presiding, the plaintiff appealed the court's pre-trial denial of her motions seeking punitive or exemplary damages to this court.

The general rule in New Hampshire is that the trial court has broad discretion in determining whether to grant or deny amendments to pleadings. *See Phinney v. Levine*, 117 N.H. 968, 970,

381 A.2d 735, 736 (1977); RSA 514:9. The trial court neither abused its discretion nor erred as a matter of law when it denied the plaintiff's motion to amend, because the plaintiff was not entitled either to double damages under RSA 265:89-a or to punitive or exemplary damages under the common law. *See Johnsen v. Fernald*, 120 N.H. 440, 441, 416 A.2d 1367, 1368 (1980).

In *Johnsen v. Fernald*, we held that the use of the fact that the defendant's intoxication caused an accident, for the purpose of enhancing damages, is a matter of public policy for the legislature to determine. *Id.* at 441, 416 A.2d at 1368. Since *Johnsen*, the legislature has set forth the measure of damages in civil actions involving intoxicated drivers and the conditions for application of statutorily enhanced damages. RSA 265:89-a. This statute provides that double damages shall be imposed on intoxicated drivers whose conduct has caused injury to others, whose intoxication is a contributing factor, and who have been convicted of a second or subsequent offense of driving under the influence of intoxicating liquor within a seven-year period. On the facts of the case before us, RSA 265:89-a is clearly inapplicable.

*Affirmed.*

DOUGLAS, J., concurs in the result only.