Hillsborough
No. 82-212

JOSEPH O. GELINAS

v.

JOHN A. MACKEY

MARILYN GELINAS

v.

JOHN A. MACKEY

August 31, 1983

*Thomas E. Craig*, of Manchester, by brief and orally, for the plaintiffs.

*Wiggin & Nourie*, of Manchester (*William S. Orcutt* on the brief and orally), for the defendant.

BOIS, J. These consolidated appeals arise from an automobile accident case tried before a jury in Superior Court (*Flynn*, J.). We affirm the jury's verdicts.

On March 22, 1978, a motor vehicle driven by the defendant, John A. Mackey, collided with a vehicle driven by the plaintiff Joseph O. Gelinas. Mr. Gelinas brought suit against the defendant, alleging damages for personal injuries. The plaintiff Marilyn Gelinas, his wife, subsequently brought suit against the defendant for loss of consortium, and the two actions were consolidated for trial. In addition to compensatory damages, the plaintiffs sought enhanced damages, alleging that the defendant had acted "wantonly" by driving his vehicle in a highly intoxicated state.

The defendant admitted liability prior to trial. Thus, the only question before the jury was the amount of damages. At trial, the plaintiffs were permitted to introduce evidence of the defendant's intoxication to show that his conduct had been wanton in nature. In special findings made at the close of the trial, however, the jury found that the defendant had not acted wantonly. The jury returned

a verdict in the amount of $200,000 for Mr. Gelinas, but found that Mrs. Gelinas was not entitled to any damages. On appeal, the defendant challenges the $200,000 verdict, while Mrs. Gelinas contests the zero verdict returned in her action.

We first address the defendant's claims. He initially argues that the plaintiffs were not entitled to recover enhanced damages under the circumstances of this case, and that the trial court therefore committed reversible error in allowing the jury to hear testimony of his intoxication, for the purpose of enhancing damages.

In *Johnsen v. Fernald,* 120 N.H. 440, 416 A.2d 1367 (1980), a case somewhat similar to the instant one, a victim of a motor vehicle accident sought to recover enhanced damages based upon a claim that the defendant had acted wantonly by operating his vehicle under the influence of alcohol. While we ruled that the plaintiff's failure to allege wanton conduct in her writ necessarily precluded her from recovering enhanced damages, we further indicated that no such recovery could have resulted even if wanton conduct had been alleged. *Id.* at 441–42, 416 A.2d at 1368. We stated that the act of driving while intoxicated did not constitute "wanton or malicious" conduct as defined at common law for purposes of enhancing damages. *Id.* at 441–42, 416 A.2d at 1368. We held, however, that the legislature could establish a statutory right to enhanced damages for persons who are injured by intoxicated drivers. *Id.* at 441, 416 A.2d at 1368.

■ Subsequent to the *Fernald* decision, the legislature in 1981 enacted RSA 265:89-a (since repealed by Laws 1983, 373:18, effective August 21, 1983), which provided that double damages may be awarded in a civil case arising from an accident wherein the defendant was convicted for driving while under the influence, and such conviction was the defendant's second or subsequent conviction for that offense in a seven-year period. Recently, in *Rahaim v. Psaros,* 122 N.H. 613, 614, 448 A.2d 401, 402 (1982), we ruled that because the statutory requirements were inapplicable on the facts of that case, the trial court properly denied the plaintiff's motion to amend her writ to include a claim for enhanced damages. Thus, it is clear that the statute provides the only basis for recovery of enhanced damages for driving while intoxicated.

■■ However, because the accident in this case occurred prior to the effective date of the statute, the provisions of RSA 265:89-a would not apply. *Labarre v. Daneault,* 123 N.H. 267, 272, 461 A.2d 89, 93 (1983). Even if the statute were applicable, the plaintiffs could not have recovered under its provisions, because the record reveals that although the defendant was convicted of driving while

under the influence at the time of the parties' accident, the conviction was only his *first within a seven-year period*. Thus, since the plaintiffs were not entitled to recovery of double damages under the statute, we hold that the trial court erred in admitting evidence of the defendant's intoxication. However, as noted above, the jury made a special finding that the defendant had not acted wantonly, and it must therefore be presumed that the jury's award was solely compensatory in nature. The inadmissible evidence of the defendant's intoxication went to the issue of wantonness and was unrelated to the calculation of compensatory damages. Therefore, although the court erred in admitting the evidence, the error was harmless. *Powley v. Lessard*, 117 N.H. 991, 995, 380 A.2d 681, 684 (1977).

The defendant next argues that the $200,000 verdict for Mr. Gelinas was excessive. We disagree. This court will not set aside a verdict as excessive unless it appears that no reasonable person could have made such an award. *Hogan v. Robert H. Irwin Motors, Inc.*, 121 N.H. 737, 742, 433 A.2d 1322, 1326 (1981). Here, medical experts testified that the plaintiff, who is thirty-four years old, has a forty percent permanent partial disability from a ruptured disc and backstrain. The record shows that this disability prevents the plaintiff from pursuing his occupation, which requires heavy lifting. Furthermore, the experts testified that the plaintiff's activities are limited by intermittent pain and muscle spasms from stress on the disc. Both doctors testified that Mr. Gelinas will require additional treatment and prescriptions in the future and, ultimately, surgery.

There was also evidence that the plaintiff's losses and expenses resulting from the accident will approximate $40,000, including past medical bills and lost wages, and the cost of future surgery and future lost wages. In light of this evidence, as well as the testimony relating to the plaintiff's pain and suffering, we cannot say that the award of $200,000 was one that no reasonable person could have made, and we therefore refuse to set it aside. *Id.*, 433 A.2d at 1326.

The defendant further argues that interest on the judgment should be computed at six percent, the rate required at the time of the collision, and not ten percent, the current rate under RSA 336:1 (Supp. 1981). The present interest provisions, RSA 336:1, :2 (Supp. 1981), were enacted after the accident in this case but before the trial had begun. They provide that interest on judgments shall be paid *at the rate in effect at the time the verdict is rendered*. RSA 336:2 (Supp. 1981). The defendant contends that application of the new interest statute in this case results in a retrospective application of

the law, which is forbidden under our constitution. N.H. CONST. pt. I, art. 23. We find no merit to this argument.

 We note that the statutory provisions apply *prospectively* in that they apply only to verdicts rendered *subsequent* to their enactment. Nevertheless, even assuming *arguendo* that the provisions apply retrospectively because the accident in this case took place prior to their enactment, we hold that such application would not violate the constitutional mandate. A statute may apply to cases commenced but not yet decided when it is enacted, if it is remedial or procedural in nature. *Labarre v. Daneault*, 123 N.H. at 271, 461 A.2d at 92; *In re Snow Estate*, 120 N.H. 590, 592, 419 A.2d 1095, 1096 (1980). Our cases have consistently held that statutes affecting remedies only do not come within the constitutional prohibition and may be applied retrospectively. *E.g.*, *Lozier v. Brown Co.*, 121 N.H. 67, 70, 426 A.2d 29, 31 (1981); *Pepin v. Beaulieu*, 102 N.H. 84, 89–90, 151 A.2d 230, 235 (1959). It is clear that the interest provisions in RSA 336:1, :2 (Supp. 1981) do not affect the parties' substantive rights to recovery. We conclude that these provisions are essentially remedial in nature and therefore may be applied retrospectively. *See* 102 N.H. at 90, 151 A.2d at 235–36.

 Finally, we turn to Mrs. Gelinas' contention that the jury's verdict awarding her nothing on her claims of loss of consortium and loss of the use of her vehicle was inadequate. Damages for loss of consortium involve three elements: services; society; and sexual intercourse. *Guevin v. Railway*, 78 N.H. 289, 294, 99 A. 298, 301 (1916). Computation of damages is for the trier of fact, and we will not readily set aside its verdict. *M. W. Goodell Const. Co., Inc. v. Monadnock Skating Club, Inc.*, 121 N.H. 320, 324, 429 A.2d 329, 331 (1981).

 The record before us fails to reveal the extent of loss, if any, to Mrs. Gelinas of her husband's services, society, or sexual intercourse. There was evidence, however, that Mr. and Mrs. Gelinas had been separated for two years at the time of trial. The jury might have concluded that their relationship was so strained or non-existent at the time of the collision as to justify a zero verdict on the issue of loss of consortium. Due to the meager testimony from Mrs. Gelinas, we cannot say that the jury's verdict was unwarranted. Similarly, the only evidence offered concerning the loss of use of her vehicle was that the reasonable value of the car was $20 per day, and that no replacement vehicle had been obtained. Because the record fails to show Mrs. Gelinas needed the vehicle or was incon-

venienced by its loss, the jury could properly find that no damages had been incurred.

In view of our disposition of these appeals, we need not address Mr. Gelinas' claim that counsel for the defendant was improperly permitted to cross-examine him as to his employment records.

*Affirmed.*

DOUGLAS, J., concurred specially; the others concurred.

DOUGLAS, J., concurring specially: Because of the posture of the first issue, I concur in the result. However, I reaffirm my concurring opinion in *Johnsen v. Fernald*, 120 N.H. 440, 442, 416 A.2d 1367, 1368 (1980) that drunks causing carnage on the highways engage in common-law "wanton or malicious conduct", with or without the presence of RSA 265:89-a.