Department of Employment Security
No. 83-377

## APPEAL OF THE CITY OF ROCHESTER
### (New Hampshire Department of Employment Security)

August 10, 1984

*Beamis, Davis, Murray & Grossman*, of Somersworth (*Jerome H. Grossman* on the brief), by brief for the City of Rochester.

*Coolidge Professional Association*, of Somersworth (*Clyde R. Coolidge* on the brief), by brief for Frederick M. Steadman.

BROCK, J.   The City of Rochester seeks review, pursuant to RSA 282-A:67 (Supp. 1983), of a decision of the Appellate Division of the New Hampshire Department of Employment Security that reversed a decision of the appeal tribunal ordering Frederick M. Steadman to repay $1,254 to the department. The appellate division's decision to reverse was based on its conclusion that actions under RSA 282-A:164 (Supp. 1983) are barred if not brought within two years. For the reasons that follow, we reverse and remand.

Mr. Steadman was employed for about fourteen years as an accountant with the City of Rochester. On December 26, 1979, Steadman was paid for fifty days of accrued sick leave and one week of vacation pay, apparently in anticipation of termination of his employment by a newly-elected city administration due to assume office in January 1980. On January 2, 1980, the new administration did take office and Steadman was told by the new mayor that the new administration had no plans to keep him on in his position as city accountant. Steadman turned in the keys to his desk and left that day.

On January 4, 1980, Steadman filed a claim for unemployment benefits, stating that his position had been terminated and that he had not received any payment of any kind for any period after his last day of work. Steadman received benefits for the week ending January 12, 1980, and each subsequent week through May 24, 1980.

On July 27, 1982, the department determined that Steadman was not entitled to these benefits. The commissioner of the department concluded that Steadman had violated RSA 282-A:164 (Supp. 1983) by knowingly failing to disclose material facts to obtain unemploy-

ment compensation benefits. Steadman appealed to the appeal tribunal, which upheld the ultimate determination that Steadman was not entitled to benefits for the first eleven weeks that he had claimed because of the payment he had received for vacation and sick pay.

After his request to reopen the case was denied by the commissioner, Steadman appealed to the appellate division. After a hearing on August 5, 1983, the appellate division reversed the decision of the appeal tribunal. The city then brought this appeal.

We first address the city's argument that the appellate division did not have jurisdiction when it issued its decision on August 26, 1983, twenty-one calendar days after the hearing. On August 5, 1983, the date of the hearing, RSA 282-A:66, I (Supp. 1981) provided in part:

> "The appellate division shall render a written decision *within 15 days* of the hearing or adopt the decision of the appeal tribunal. When a decision is not rendered *within 15 calendar days* after a hearing by the appellate division, such will constitute a dismissal of the appeal."

(Emphasis added.)

RSA 282-A:66, I was amended by Laws 1983, 197:4, effective August 15, 1983, to read in part:

> "The appellate division shall:
> (a) Render a written decision *within 15 business days* of the hearing; or
> (b) Adopt the decision of the appeal tribunal.
> When a decision is not rendered *within 15 business days* after the hearing such will constitute a dismissal of the appeal."

(Emphasis added.) The decision of August 26, 1983, although issued twenty-one calendar days after the hearing, was rendered within fifteen business days of that hearing.

■ The city argues that the amendment enacted by Laws 1983, 197:4 is prospective only and thus is inapplicable to the present case, and that the decision of the appeal tribunal became final by operation of law when the appellate division failed to issue a decision within fifteen calendar days of August 5, 1983; that is, on or before August 20, 1983. We disagree. Initially, we are not convinced that the application of this amendment to the present case was retrospective. We note that the enlargement of time within which the appellate division was required to render its decision occurred before the end of the fifteen-calendar-day period or August 20, 1983.

■ Secondly, the city does not contend, nor is it likely, that its sub-

stantive rights are adversely affected by giving the appellate division fifteen business, rather than fifteen calendar, days within which to render a decision. We conclude that the decision of the appellate division issued August 26, 1983, was not untimely; therefore it was not void. *See Gelinas v. Mackey*, 123 N.H. 690, 695, 465 A.2d 498, 501 (1983) (a statute may apply to cases pending at the time of its enactment, if it is remedial or procedural in nature); *see also In re Snow Estate*, 120 N.H. 590, 592, 419 A.2d 1095, 1096 (1980).

■ ■ We therefore turn to the substance of the appellate division's decision. That division determined that under the revised statute on unemployment compensation, RSA chapter 282-A, effective October 1981, the statute of limitations is one year for criminal actions and two years for civil actions. We disagree. The legislature has clearly indicated that the statute of limitations for either civil or criminal prosecutions is six years. RSA 282-A:145 (Supp. 1983); RSA 625:8, I(e).

It is evident that RSA chapter 282-A was merely a recodification of the prior RSA chapter 282.

> "It is the intent of the legislature in enacting RSA 282-A to continue RSA 282. Even though RSA 282 is repealed by this act, RSA 282-A is a continuation of it. There should be no interpretation of RSA 282-A being something new. It is merely a new numbering of the material that already existed as RSA 282."

Laws 1981, 408:1, I; *see also* Laws 1981, 408:9 ("[a]ny cross reference in the RSA to a section of the RSA repealed by this act shall be considered to be a reference to the appropriate section of section 3 [the recodification] of this act."). The appellate division erred when it determined that the six-year statute of limitations rule had expired with the enactment of RSA chapter 282-A in October 1981 and that therefore the action against Steadman was barred. RSA 282-A:165 (Supp. 1983), which provides that *a determination* of overpayment *shall be made within two years* of the weeks affected by the overpayment, even if construed as a statute of limitations, is inapplicable to the present case, since an action of fraud was brought against Steadman pursuant to RSA 282-A:164 (Supp. 1983).

We need not address the city's remaining argument. We remand to the appellate division for consideration of the remaining issues that Steadman had raised before the appellate division and that it declined to reach in view of its determination.

*Reversed and remanded.*

All concurred.