Hillsborough County Probate Court
No. 2002-578

IN RE GUARDIANSHIP OF JASON HENDERSON

Submitted: June 25, 2003
Opinion Issued: December 19, 2003

*Civil Practice Clinic at Franklin Pierce Law Center*, of Concord (*Peter S. Wright, Jr.* on the brief), for the ward.

*Phyllis Henderson, pro se*, filed no brief.

## MEMORANDUM OPINION

BROCK, C.J. The ward, Jason Henderson, appeals the decision of the Hillsborough County Probate Court (*Cloutier*, J.), appointing a guardian over his person. We reverse and remand.

When Phyllis Henderson filed a petition for guardianship over her son, the probate court appointed an attorney to represent Jason's interests in

the guardianship proceeding. During his interview with court-appointed counsel, Jason dismissed the accusations in the petition as defamatory, questioned why the issue of a psychiatric examination was being raised at that time and generally challenged the accuracy of the information in the guardianship petition. In her report to the probate court, however, counsel concluded that appointing Jason's mother as his guardian would be "reasonable."

Jason, now represented by other counsel, contends that he was deprived of the full assistance of legal counsel in his defense of the involuntary guardianship proceedings. Specifically, he maintains that his appointed counsel effectively assumed the role of guardian ad litem, rather than that of legal counsel.

■■■ The right to legal counsel for any person for whom a guardianship is sought "shall be absolute and unconditional." RSA 464-A:6, I (1992). Even when an attorney is appointed to represent an allegedly incapacitated person, "the lawyer shall, as far as reasonably possible, maintain a normal client-lawyer relationship with the client." N.H. R. PROF. CONDUCT 1.14(a). Accordingly, at a minimum, the lawyer must "develop a strategy, in collaboration with the client, for solving the legal problems of the client." N.H. R. PROF. CONDUCT 1.1(c)(3).

■ In addition to the appointment of legal counsel, the guardianship statute permits the trial court, in its discretion, to appoint a guardian ad litem when it appears that the rights of the allegedly incapacitated person are not fully represented. See RSA 464-A:41, I (Supp. 2002). The guardian ad litem must act "in the best interest" of the proposed ward. See SYSTEM-WIDE GUARDIAN AD LITEM APPLICATION, CERTIFICATION AND PRACTICE Rule 2.4.1(b)(3).

■ In creating distinct provisions for legal counsel and a guardian ad litem, the legislature acknowledged that the two roles address different overarching concerns in a guardianship proceeding. Even when representing a client with a disability, legal counsel must, as far as reasonably possible, carry out the client's decisions. See N.H. R. PROF. CONDUCT 1.14(a). The guardian ad litem, on the other hand, should "reach an independent conclusion on what is in the best interest of [the proposed ward] but, in reaching such conclusion, may, in appropriate cases, consider the preferences of [the proposed ward]." SYSTEM-WIDE GUARDIAN AD LITEM APPLICATION, CERTIFICATION AND PRACTICE Rule 2.4.2(b).

Here, counsel blurred the boundaries of the two roles. In her seven-page report to the probate court, counsel—acting as legal counsel—presents

certain facts that suggest that Jason was not incapacitated, including the explicit acknowledgment that, absent a complete evaluation, "it is impossible to know whether or not Jason is incompetent." After recitation of facts that portrayed Jason as a "troubled thirty-one year old young man," however, counsel—effectively acting as guardian ad litem—ultimately concluded that "since the mother seeks temporary guardianship for the purposes of seeking care for her son, it would appear reasonable that this Court appoint her guardian of the person of her son."

In a guardianship proceeding, the proposed ward is entitled to counsel who will undertake representation of his or her legal interests. *Cf. In re DeLucca*, 121 N.H. 71, 72 (1981) (underscoring requirement that guardianship petition set forth facts with sufficient particularity to allow proposed ward to prepare a defense). Because Jason did not have the full assistance of legal counsel to attack the guardianship petition, we reverse and remand.

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.